**MANDATE**

15-3342

1:14-cv-00736-VEC

*Michael D. Harris, et al. v. AmTrust Fin. Servs., Inc., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand and sixteen.

PRESENT: ROBERT D. SACK,
RICHARD C. WESLEY,
GERARD E. LYNCH,
*Circuit Judges.*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 9, 2016
```

MICHAEL D. HARRIS, individually and
on behalf of all other persons similarly situated,
STUART SCHAPIRO, as co-lead plaintiff,

        *Plaintiffs-Appellants,*

DAVID SEARS, individually and on behalf of
all other persons similarly situated,

        *Plaintiff.*

-v.-   No. 15-3342

AMTRUST FINANCIAL SERVICES, INC.
BARRY D. ZYSKIND, RONALD E.
PIPOLY, JR.,

                *Defendants-Appellees.*

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | LAURENCE ROSEN, The Rosen Law Firm, P.A., New York, NY (Jacob A. Goldberg, Keith Lorenze, The Rosen Law Firm, P.A., Jenkintown, PA, *on the brief*). |
| FOR DEFENDANTS-APPELLEES: | Jessica P. Corley and Joseph G. Tully, Alston & Bird LLP, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is AFFIRMED.

Plaintiffs-Appellants ("Plaintiffs") appeal from an order of the United States District Court for the Southern District of New York (Caproni, *J.*), dated September 29, 2015, granting the motion of Defendants-Appellees ("Defendants") to dismiss Plaintiffs' second amended complaint ("SAC") in its entirety. The gravamen of the SAC is that Defendants used fraudulent accounting practices to manipulate the reported loss and loss adjustment

2

expense of the Company Defendant, AmTrust Financial Services, Inc.

("AmTrust"), for the years 2010 through 2012.[1]

To maintain a private securities action under § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Securities and Exchange Commission ("SEC") Rule 10b-5, "a plaintiff must prove (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Pac. Inv. Mgmt. Co. LLC v. Mayer Brown LLP*, 603 F.3d 144, 151 (2d Cir. 2010) (internal quotation marks omitted).

Securities fraud claims under § 10(b) of the Exchange Act and Rule 10b–5 must satisfy two layers of heightened pleading requirements. *First*, a complaint alleging securities fraud must satisfy Rule 9(b) of the Federal Rules of Civil Procedure. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007). Rule 9(b) requires that the complaint "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the

---

[1] We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim under Rule 12(b)(6). *ECA, Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009). We assume the parties' familiarity with the facts and record below, which we reference only as necessary to explain our decision.

3

statements were made, and (4) explain why the statements were fraudulent." *Id.*

*Second*, private securities fraud class actions must satisfy the pleading requirements set forth in PSLRA, 15 U.S.C. § 78u-4(b)(1). *ATSI Commc'ns*, 493 F.3d at 99. The PSLRA "specifically requires a complaint to demonstrate that the defendant made '[m]isleading statements [or] omissions . . . of a material fact,' 15 U.S.C. § 78u-4(b)(1), and acted with the '[r]equired state of mind' (the 'scienter requirement'), *id.* § 78u-4(b)(2)." *Employees' Ret. Sys. of Gov't of the V.I. v. Blanford*, 794 F.3d 297, 305 (2d Cir. 2015).

The PSLRA further requires that a plaintiff "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A). This means that a plaintiff's allegations "must give 'rise to a strong inference' of fraudulent intent." *Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013) (quoting 15 U.S.C. § 78u-4(b)(2)(A)). The Supreme Court has instructed that, "[t]o qualify as 'strong,' . . . an inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).

4

Noting that "[i]t is well-settled that GAAP provisions are subject to interpretation and 'tolerate a range of reasonable treatments, leaving the choice among alternatives to management,'" Special App'x 18–19 (quoting *Thor Power Tool Co. v. Comm'r of Internal Revenue*, 439 U.S. 522, 544 (1979), the District Court found that Plaintiffs had "not alleged facts that support [their] conclusory allegation that AmTrust violated GAAP,"[2] *id.* at 20. The District Court found specifically that the SAC "alleged no *facts* indicating that AmTrust exercised its judgment in a way that violated GAAP beyond its disagreement with management's choices among alternative estimates." *Id.* at 19. It found further that "[n]ot only does the [SAC] fail to include factual support for its *ipse dixit* that loss and loss adjustment expenses were misclassified as other underwriting expenses, it provides no support for the notion that the way AmTrust classified its loss and loss adjustment expenses violated GAAP." *Id.* at 19–20 (internal quotation marks omitted).

On appeal, Plaintiffs argue that their falsity claim was sufficiently particular under Rule 9(b) because they "identifie[d] the misleading statements,"

---

[2] "GAAP" refers to generally accepted accounting principles, which are used to compile losses in AmTrust's consolidated financial statements. These are different from statutory accounting principles ("SAP"), which are used to report the aggregate losses of AmTrust's domestic subsidiary to insurance regulators. *See* J.A. 25 ¶ 63; 36 ¶¶ 106–07; 46 ¶ 138.

5

"identifie[d] the speakers who made the false and misleading statements," "describe[d] . . . to the dollar . . . by how much the Company's financial statements were false and misleading," and "detail[ed] why the financial statements in question were false and misleading."  Appellants' Br. 22–24.  They argue that although "the sum of all of AmTrust's subsidiaries' [loss and loss adjustment expenses] from its insurance regulatory filings should not vary materially from the [loss and loss adjustment expense] the Company includes in the consolidated financial statements it files with the SEC," in fact AmTrust's financial statements filed with insurance regulators "show[ed] combined aggregate [loss and loss adjustment expense] that are materially greater than the combined aggregate losses AmTrust reported in its consolidated financial statements filed with the SEC."  Appellants' Br. 24.

Plaintiffs argue further that the District Court erred by relying on language in AmTrust's 2012 Annual Report (Form 10-K) "for the truth of the matter" that differences may exist between SAP and GAAP financial statements.  Appellants' Br. 26–28. Plaintiffs claim that "[o]n the face of the Company's description about SAP and GAAP differences—one that the district court improperly adopted for the truth of the matter—it is more plausible than not that differences between

6

SAP and GAAP would relate to balance sheet items—assets and liabilities—and not to income statement components such as [loss and loss adjustment expenses]." Appellants' Br. 27.[3]

Plaintiffs' assertion that the District Court erred by "accepting for the truth of the matter Defendants' vague statement in AmTrust's 2012 10-K that SAP and GAAP financial statements may differ," Appellants' Br. 13, mischaracterizes the District Court's holding. Rather than crediting as true any of AmTrust's disclosures regarding potential differences between SAP and GAAP accounting, the District Court concluded only that "an observed discrepancy" between the financial statements could not sustain the claims asserted, particularly without more specific factual allegations, especially when AmTrust disclosed that such a

---

[3] As legal support, Plaintiffs purport to rely on cases holding that complaints sufficiently pled falsity by showing "that the aggregate revenue or profit of an issuer's individual subsidiaries' financial statements filed with regulators materially differed from the consolidated revenues reported to the SEC." Appellants' Br. 25. They lean particularly heavily on *Ho v. Duoyan Global Water, Inc.*, a case in which plaintiffs alleged that the consolidated financial statements filed by a company were materially misleading because those statements included segment reporting for a Chinese subsidiary that differed materially from financial statements that same subsidiary had filed with Chinese regulators. 887 F. Supp. 2d 547, 567 (S.D.N.Y. 2012).

These cases are inapposite because, unlike this case, they all involve allegations that a single legal entity had reported materially different results in different jurisdictions. In *Ho*, for example, the plaintiffs alleged that the company made "two markedly different representations of the financial position of [certain of its subsidiaries]" in two separate jurisdictions. *Id.*

7

discrepancy was likely. Special App'x 19. In other words, rather than crediting AmTrust's statements about the differences between SAP and GAAP accounting over Plaintiffs' allegations on that subject, the District Court concluded only that Plaintiffs' allegations were wholly conclusory and thus inadequate to plead falsity.

Because the SAC fails to adequately plead a material misrepresentation or omission by Defendants, Plaintiffs' claims under § 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), and § 11 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77k, were also properly dismissed by the District Court. *See In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 358–59 (2d Cir. 2010) (to state a claim under § 11 of the Securities Act, a plaintiff must allege, *inter alia*, that a registration statement "contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading" (quoting 15 U.S.C. § 77k(a))); *ATSI Commc'ns*, 493 F.3d at 108 (a claim under Exchange Act § 20(a) may properly be dismissed with prejudice when a complaint fails to plead a primary violation of the Act).

8

We have considered all of Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

9